UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN F. LASHINSKY,

    Plaintiff

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant

No. 3:11-CV-01816

(Judge Nealon)

FILED
SCRANTON
FEB 0 1 2013
PER _____
DEPUTY CLERK

MEMORANDUM

## BACKGROUND

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff John F. Lashinsky's claim for social security disability insurance benefits.

Lashinsky protectively filed[1] his application for disability insurance benefits on January 22, 2009. Tr. 9.[2] His claim was denied at the initial level of review. Therefore, he requested a hearing before an administrative law judge. Tr. 47-48. After about 14 months had elapsed, a hearing was held before an administrative law judge on October 14, 2010. Tr. 13-27. On April 15, 2011, the administrative law judge issued a decision denying

---

1. Protective filing is a term for the first time an individual contacts the Social Security Administration to file a claim for benefits. A protective filing date allows an individual to have an earlier application date than the date the application is actually signed.

2. References to "Tr.___" are to pages of the administrative record filed by the Defendant as part of her Answer on December 9, 2011.

Lashinsky's application, finding that he did not meet the insured status requirements of the Social Security Act. Tr. 9-12. On June 13, 2011, Lashinsky filed a request for review with the Appeals Council, and on August 15, 2011, the Appeals Council concluded that there was no basis upon which to grant the request for review. Tr. 1-5. Thus, the administrative law judge's decision stood as the final decision of the Commissioner.

Lashinsky then filed a complaint in this Court on October 3, 2011. Supporting and opposing briefs were submitted and the appeal[3] became ripe for disposition on March 23, 2012, when Lashinsky filed a reply brief.

Lashinsky was born in the United States on January 31, 1975. He graduated from high school and, despite his visual disability, attended college which he completed in 2004. Tr. 104, 139 and 203. The impetus for the visual impairment was sinus surgery performed on July 31, 2002, which went awry. In 2004, Lashinsky was awarded supplemental security income benefits based on a finding that although he was not statutorily blind he suffered a visual impairment which prevented him from engaging in any competitive full-time employment. Tr. 31-35. Subsequently, he settled a medical malpractice action relating to his sinus surgery and received a net settlement of $250,000. Tr. 18-19. As a result

---

3. Under the Local Rules of Court "[a] civil action brought to review a decision of the Social Security Administration denying a claim for social security disability benefits" is "adjudicated as an appeal." M.D.Pa. Local Rule 83.40.1.

2

of those funds, in 2006 Lashinsky's SSI benefits were terminated because his resources exceeded the allowable limits for SSI eligibility. Tr. 19. As stated above, he then filed a claim for disability insurance benefits.

For the reasons set forth below, the Court will affirm the decision of the Commissioner denying Lashinsky's application for disability insurance benefits.

**STANDARD OF REVIEW**

When considering a social security appeal, the Court has plenary review of all legal issues decided by the Commissioner. See Poulos v. Commissioner of Social Security, 474 F.3d 88, 91 (3d Cir. 2007); Schaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999); Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995). However, the Court's review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence." Id.; Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993). Factual findings which are supported by substantial evidence must be upheld. 42 U.S.C. §405(g); Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001)("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently."); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981)("Findings of fact by the Secretary must be accepted as conclusive by a reviewing court if

supported by substantial evidence."); Keefe v. Shalala, 71 F.3d 1060, 1062 (2d Cir. 1995); Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001); Martin v. Sullivan, 894 F.2d 1520, 1529 & 1529 n.11 (11th Cir. 1990).

**DISCUSSION**

Disability insurance benefits are paid to an individual if that individual is disabled and "insured," that is, the individual has worked long enough and paid social security taxes. Lashinsky is proceeding on the basis that he is entitled to disability insurance benefits because he is statutorily blind. Statutory blindness is defined in pertinent part "as central visual acuity of 20/200 or less in the better eye with the use of correcting lens." 20 C.F.R. § 404.1581. It is undisputed that Lashinsky met this definition as of August 19, 2009. Tr. 20.

An individual seeking disability insurance benefits based on statutory blindness need only establish that he meets the definitions for blindness as set forth in section 404.1581 and he is "fully insured" as defined in 42 U.S.C. § 414(a).[4] With respect

---

4. The concept of a "date last insured" is not relevant to this case. In cases other than statutory blindness a date last insured is calculated and in order to establish entitlement to disability insurance benefits a claimant is required to establish that on or before the date last insured, he or she suffered from a disability as defined in the regulations. There are four rules for determining disability insured status. See 20 C.F.R. § 404.130. The first three rules are the only ones that are compatible with the establishment of a date last insured. For example, Rule 1 (section 404.130(b)) has a 20/40 requirement which in essence means that you must have worked 20 quarters in the last 40
(continued...)

to statutory blindness being "fully insured" is equivalent to being "insured for disability benefits." See 42 U.S.C. § 423(c)(1)(A) and § 414(a). If Lashinsky was not "fully insured" the administrative law judge was correct in finding that he did not meet the insured status requirements of the Social Security Act. As explained in detail below, he was not fully insured.

Section 203.1 of the Social Security Handbook explains the concept of being "fully insured" as follows:

> 203.1 When are you fully insured?
>
> You are fully insured if:
>
> A. You have at least one credit[5] for each calendar year after 1950; or
>
> B. If you turn[ed] 21 after 1950, you have at least one credit for each calendar year after you turned 21 and the earliest of the following:
>
> > 1. The year before you turn 62;
> >
> > 2. The year before you die; or
> >
> > 3. The year before you become disabled.

Social Security Handbook, Section 203, Fully Insured Status Defined, http://www.socialsecurity.gov/OP_Home/handbook/

---

4. (...continued)
quarters or five of the past 10 years. Consequently, if you worked continuously for five years and stopped working on December 31, 2012, your date last insured would be December 31, 2017, and you must establish that you suffered from a disability on or before that date.

5. A quarter and a credit are equivalent. In a year, there are four quarters which end March 31st, June 30th, September 30th and December 31st.

handbook.02/handbook-0203.html (Last accessed January 17, 2013).

42 U.S.C. § 423(c) sets forth the definition of "insured status" for purposes of disability insurance benefits and refers the reader to § 414(a) for the definition of "fully insured." Section 414(a) states in relevant part as follows:

> (a) "Fully insured individual" defined
>
> The term "fully insured individual" means any individual who had not less than –
>
> (1) one quarter of coverage **(whenever acquired)** for each calendar year elapsing after 1950 (or, if later, the year in which he attained age 21) and before the year in which he died or (if earlier) the year in which he attained age 62, except that in no case shall an individual be a fully insured individual unless he has at least 6 quarters of coverage . . .
>
> not counting as an elapsed year for purposes of paragraph (1) any year any part of which was included in a period of disability . . . .

(Emphasis added).

The record reveals that Lashinsky has a very limited earnings history and in the present appeal neither Lashinsky nor the Commissioner have contested the validity of the social security earnings records. His total earnings were $8962.76. Tr. 122. He turned 21 years of age on January 3, 1996. He alleged that he became disabled on July 1, 2002. Tr. 111. An administrative law judge found that Lashinsky was disabled for purposes of receiving SSI as of January 14, 2003. His SSI benefits were terminated in 2006 based on a finding that he failed to meet the financial eligibility requirements.

The social security earning record reveals that in 1995, Lashinsky had 2 credits; in 1996 he had 1 credit; in 1997 he had no credits; in 1998 he had 2 credits; in 1999 he had no credits; in 2000 he had 1 credit; and in 2001 he had 2 credits. Tr. 122. Lashinsky had a total of 8 credits. His 8 credits is a sufficient number to cover the period 1997 through 2002 which is each year after he turned 21 and before the year he became disabled based on a visual impairment. However, Lashinsky does not have sufficient credits to cover the period 1997 through 2008, each year after he turned 21 and before the year he met the definition of statutory blindness. Consequently, he was not "fully insured" in accordance with the Social Security Act.

Lashinsky argues that the time from the date he was found disabled for SSI purposes (January 14, 2003), based on a visual impairment, to the date he was found to meet the definition of statutory blindness (August 19, 2009) should be excluded in determining whether he was "fully insured." In support of this argument Lashinsky relies on 20 C.F.R. § 404.110 which provides in pertinent part as follows:

> (c) How a period of disability affects the number of Q[uarters of] C[overage] you need. In determining the number of elapsed years under paragraph (b) of this section, we do not count as an elapsed year any year which is wholly or partly in a period of disability we established for you. For example, if we established a period of disability for you from December 5, 1975, through January 31, 1997, the three years, 1975, 1976, and 1977, would not be counted as elapsed years.

This provision, however, relates to claims under title II of the Social Security Act for disability insurance benefits and not for SSI benefits. The concept of a "period of disability" is unique to cases brought under title II of the Act. The Social Security Administration did not establish a "period of disability" for Lashinsky when it awarded him SSI benefits based on a visual impairment not rising to the level of statutory blindness. He did not meet the definition of statutory blindness at a point in time when he was fully insured.

The Court's review of the administrative record reveals that the decision of the Commissioner is supported by substantial evidence. Therefore, pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner will be affirmed.

An appropriate order will be entered.

_____
**United States District Judge**

Dated: February 1, 2013